FRISBIE v. STAR CO.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

Appeal from Special Term.

Action by Miles R. Frisbie against the Star Company. From an order granting an examination before trial, plaintiff appeals. Affirmed.

PER CURIAM. Order affirmed, with costs. SMITH, P. J., dissents in opinion in which HOUGHTON, J., concurs.

SMITH, P. J. (dissenting). The charge made is that the plaintiff, while a member of the Legislature, either sold his services or sold information unlawfully for a money consideration. Defendant seeks to justify such charge on the ground that the bargain was made while he was clerk of a committee. This justification is to my mind clearly insufficient, because a clerk of a committee is not a member of the Legislature, either in a technical sense or as the term is commonly employed. I do not agree that the term "member of the Legislature" has not a distinctive meaning. The term is constantly used in the Constitution and laws of the state to denote either an Assemblyman or Senator. Section 2 of article 3 of the state Constitution states that the Senate shall consist of 50 members and the Assembly of 150 members. In section 6 the annual salary is prescribed for "each member of the Legislature." In section 7 it is prescribed that no "member of the Legislature shall receive any civil appointment." In section 12 it is provided that for any speech or debate in either house of the Legislature "the members shall not be questioned in any other place." Section 62 of the Penal Code makes it a crime to prevent "any member of the Legislature of this state from attending any session of the house of which he is a member," etc. Section 1029 of the Code of Civil Procedure exempts from jury service "a member of the Legislature during the session of the house of which he is a member." It seems hardly necessary to go further to establish that the term "member of the Legislature" has its distinctive meaning, and that a clerk of a committee is not a member of the Legislature in any sense. The justification sought to be proven, therefore, is not as broad as the charge, and, being insufficient, no order for examination in support thereof should have been granted.

While this examination is sought by the defendant specifically for the purpose of establishing the defense in justification, it has been urged that this matter is pleaded in mitigation also, and therefore the order can be sustained for the purpose of establishing that defense. But the examination is specifically asked to establish the defense in justification, and is not asked for to establish the defense in mitigation of damages.

The order should therefore be reversed.